[L. A. No. 8535. In Bank.—May 4, 1925.]

MOHAWK OIL COMPANY (a Corporation), Appellant, v. ED. W. HOPKINS, County Assessor, etc., Respondent.

[1] TAXATION—LEASES OF OIL LAND—DIFFERENCE BETWEEN LAND AND LEASES.—An essential difference exists between the land itself as the subject of taxation and those possessory rights therein which obtain under oil leases, a difference which would fully justify the classification made by section 3820 et seq. of the Political Code, providing a different and more drastic method for the collection of taxes upon possessory rights under oil leases.

[2] ID.—METHOD OF TAXATION OF OIL LEASES—CONSTITUTIONAL LAW. There is no constitutional objection to the subjection of leases of oil land, considered as real estate but in many respects resembling personal property, to the same principles and methods for the assessment and collection of the taxes thereon as are applicable to personal property, taxes upon which are unsecured by any lien other than that which would be created by their summary seizure and sale under the statute.

———

(1) 37 Cyc., p. 746, n. 77.   (2) 37 Cyc., p. 744, n. 64.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Weil and Forrest A. Cobb for Appellant.

Edward T. Bishop, County Counsel, and J. A. Tucker, Deputy County Counsel for Respondent.

———

1.   Oil rights as subject of taxation, notes, 16 A. L. R. 513; 29 A. L. R. 606. See, also, 24 Cal. Jur. 76.

RICHARDS, J.—This appeal is from a judgment in favor of the defendant as county assessor of the county of Los Angeles after an order sustaining a general demurrer to the plaintiff's amended complaint without leave to further amend.    The action was one brought by the plaintiff to enjoin the defendant as such county assessor from the collection of certain taxes upon the plaintiff's property.    The facts as they appear upon the face of the complaint may be briefly stated as follows: The plaintiff, a California corporation, is the grantee and holder of certain oil and gas leases granted to it by the owners of certain parcels of land described in its complaint, by, the terms and conditions of which leases the plaintiff has been granted the right to drill for and extract oil, gas, and other hydrocarbon substances from said lands and to have the possession of the same for such purposes, the terms of said leases to be twenty years and as long thereafter as said substances can be extracted from said lands in paying quantities, the consideration for such leases being certain royalties to be paid by plaintiff to the owners of such lands, respectively, in proportion to the amount of such substances so to be extracted from their respective tracts of land.    The defendant is county assessor of said county and is claiming and attempting to exercise the right to demand and collect county taxes upon the plaintiff's possessory rights and oil and gas leases in and upon said lands and to have the same paid in conformity with section 3820 of the Political Code, or, in default of said payment as provided in said section, to have the plaintiff's said possessory and leasehold rights seized and sold under the provisions of sections 3821 and 3822 of said code.    It is the plaintiff's contention that its said possessory rights and leasehold interests in said real estate are themselves real estate, and that whatever taxes are or are to be imposed thereon should be assessed, levied, and collected in the same manner as taxes upon other real estate are assessed, levied and collected and that the foregoing provisions of the Political Code, in so far as they attempt or purport to authorize the defendant as county assessor to assess, levy, collect, or enforce the collection of taxes upon the plaintiff's said properties in any other manner than that provided by law for

the assessment and collection of taxes upon real estate are violative of the provisions of section 1 of article XIII and section 25 of article IV of the state constitution, and are also violative of the fourteenth amendment of the federal constitution; wherefore it sought the relief prayed for in its amended complaint, and being denied such relief by the trial court has prosecuted this appeal. Section 3820 of the Political Code reads as follows: "The assessor must collect the taxes on all property when, in his opinion, said taxes are not a lien upon real property sufficient to secure the payment of the taxes. The taxes on all assessments of possession of, claim to, or right to the possession of land and the taxes on taxable improvements located upon land exempt from taxation, shall be immediately due and payable upon assessment and shall be collected by the assessor as provided in this chapter."

This section of the Political Code was amended in 1921 (Stats. 1921, p. 370) by adding thereto the clause therein reading "and the taxes on taxable improvements located on land exempt from taxation," but otherwise the wording of the second has remained unchanged since 1895. The first case before this court interpreting this section in its relation to leases for the extraction of oil from land was the case of *Bakersfield & Fresno Oil Co.* v. *Kern County*, 144 Cal. 148 [77 Pac. 892]. In that case the plaintiff's property was subjected to taxes and to the immediate payment thereof under the terms of section 3820 of the Political Code. It paid such taxes under protest and thereafter brought suit to recover such taxes so paid. This court held upon the appeal in that case that interests in mining claims and oil leases were real estate under the definition of section 3617 of the Political Code and were properly assessable as such under the provisions of section 3820 of the Political Code, and having been so assessed the taxes thereon were properly collectable under the terms of said last-named section, and that the taxes of the plaintiff in that action having thus been properly assessed and paid thereunder were not recoverable. The next case before this court upon appeal touching the assessment and collection of taxes upon oil leases was the case of *Graciosa Oil Co.* v. *County of Santa Barbara*, 155 Cal. 140 [20 L. R. A. (N. S.)

211, 99 Pac. 483]. In that case also the action was one for the recovery of taxes paid under protest upon certain oil leases and the possessory rights thereunder in lands owned by certain lessors and the question presented was whether such possessory rights and the privileges to extract oil from the leased premises were assessable separately from the assessment of the lands themselves, or whether such attempted assessment thereof was not double taxation. The court held that the possessory right to lands for a term of years, embracing the privilege to bore for and extract oil therefrom differed materially from ordinary leases for usufructuary purposes and that the right vested in a lessee in lands for the purpose of taking oil therefrom during a prescribed term was in the nature of a servitude on the land and a chattel real at common law, and as such was separately assessable from the land itself, .and that its assessment and the collection of the taxes thereon under the provisions of sections 3820, 3821, and 3822· of the Political Code were proper and legal and should have been upheld by the trial court. It is true that while in each of these cases the assessment and compulsory payment of taxes upon oil leases under the foregoing sections of the Political Code were upheld, the precise constitutional question urged in the instant case was not urged. It is also, however, to be noted as a conceded fact herein that during the twenty or more years which have elapsed since the decision of the case of *Bakersfield etc. Oil Co.* v. *Kern Co., supra,* taxes upon oil leases have been uniformly assessed and collected in accordance with the three last named sections of the Political Code. These sections of said code have remained unchanged except in the single respect above referred to, whereby section 3820 has been broadened so as to permit the assessment and collection of taxes upon possessory rights in and taxable improvements upon lands which are themselves exempt from taxation. The present contention of the plaintiff and appellant herein is that since possessory rights and leasehold interests in lands are real estate under section 3617 of the Political Code as interpreted in the foregoing cases, no reason exists for the application to these forms of real estate of a different principle and method of assessment and of the payment of taxes than that which under the general laws relating to

taxation of real property is provided for the assessment and collection of the taxes upon the land out of which these lesser interests therein have been carved. This contention was answered in part by this court in the case of *Graciosa Oil Co.* v. *Santa Barbara, supra,* wherein Mr. Justice Shaw pointed out certain essential differences between possessory rights under leases for the extraction of oil and like substances from the land and ordinary possessory interests under leases for the purpose of usufructuary production which import to the former a character resembling that of a servitude or chattel real. There are yet other differences easily to be discerned. The operations of lessees under oil leases contemplate the erection of derricks and other structures of an impermanent character and the sinking of deep wells at large expense, but which derive their main value not from the expenditure necessary to their creation but from the oil content of the land into which they penetrate. If oil or other mineral substance or essence is found and extracted these immediately become personal property upon their severance from the soil, the value of which is to be realized only by their removal from the place of their extraction to near or distant markets. The failure to find the oil or other mineral content of the soil strata, or the failure of the well to hold up to its original outflow may render the lease and the structures used in the operation of the well or wells under its terms practically valueless either for use or for security for the taxes which have been rightfully assessed against this form of property. In the case of the land itself it remains and is subject to the lien of taxes assessed against it during the year or more within which the two installments of such taxes are made payable; but in the case of the oil lease, not only is that which constituted its main value converted into personal property and removed or removable from the land, and hence from subjection to any lien for taxes, but the very value of the lease itself, either for use or for security, is liable at any time to be entirely lost through the failure of the well to find the land content sought for, or to continue to be operated profitably in its extraction. [1] In the foregoing respects and in others not necessary to enumerate a very essential difference exists between the land itself as the subject of taxation, and

those possessory rights therein which obtain under oil leases, a difference which would fully suffice to justify the classification which the legislature has seen fit to make in the enactment of section 3820 et seq. of the Political Code, providing a different and more drastic method for the collection of taxes upon possessory rights under oil leases such as those presented in the instant case. [2] We can perceive no constitutional objection to the subjection of these latter ' classes of property considered as real estate but in many respects resembling personal property to the same principles and methods for the assessment and collection of the taxes thereon which are given application to personal property, the taxes upon which are unsecured by any lien other than that which would be created by their summary seizure and sale under the provisions of the statute relative to the collection of taxes upon such forms of property. The argument that the owners and holders of possessory rights under oil leases are more oppressively subjected to taxation than are the owners of the lands to which such possessory rights and oil leases relate is answered by the fact that they are no more oppressively borne upon in that regard than are the owners of personal property who constitute a large part of our taxpaying population and who are subject to the same compulsions in the absence of realty holdings upon which the lien of their personal property taxes could be imposed. In the case of *Rode* v. *Siebe,* 119 Cal. 518 [39 L. R. A. 342, 51 Pac. 869], this court held that the provisions of the statutes relating to the assessment and collection of taxes upon personal property where such taxes were not secured by a lien upon real estate were neither in conflict with article XIII of the state constitution requiring property to be taxed in proportion to its value, nor with subdivision 10 of section 25 of article IV thereof, which prohibits special legislation for the assessment or collection of taxes. We regard that decision as authority for the conclusion which we have reached in this case, that no constitutional rights of the plaintiff and appellant herein have been violated by the application of the provisions of section 3820 et seq., of the Political Code to the possessory rights and privileges which it asserts under the oil leases set forth in

its amended complaint, the demurrer to which we think was properly sustained.

Judgment affirmed.

Shenk, J., Lennon, J., Waste, J., Lawlor, J., and Seawell, J., concurred.