[Sac. No. 4451. In Bank.—August 25, 1931.]

W. G. SMART, Appellant, v. PERCY PEEK et al., Respondents.

454

Barker & Keithly and Donald Barker for Appellant.

Virgil M. Airola and Edward R. Solinsky for Respondents.

SEAWELL, J.—Plaintiff appeals from a judgment for defendants in an action brought by him to quiet his title to four parcels of mining property and a mill site situate in the county of Calaveras. Defendants assert that plaintiff's title has been divested by proceedings taken against said property for nonpayment of county taxes for the fiscal year 1913–14 which resulted in the sale of the property to them by the state of California under the provisions of section 3897 of the Political Code. Plaintiff attacks the validity of said proceedings, and further contends that as the pleadings stand defendants are not entitled to rely on a tax title.

The attack upon the pleadings is based upon defendants' failure to set forth with particularity all the several steps required to be taken in a tax proceeding to vest title in the purchaser from the state. This has been held to be a requirement where a party undertakes to plead a tax title specially. (*Russell* v. *Mann*, 22 Cal. 132; *Metteer* v. *Smith*, 156 Cal. 572 [105 Pac. 735].) But in a suit to quiet title the party relying on a tax title need not plead it specially. An answer denying the plaintiff's title and right to possession is always sufficient. (*Warden* v. *Stoll*, 210 Cal. 374 [291 Pac. 835]; *Hinds* v. *Clark*, 173 Cal. 49 [159 Pac. 153]; *Tilton* v. *Russek*, 171 Cal. 731 [154 Pac. 860]; *United Land Assn.* v. *Pacific Imp. Co.*, 139 Cal. 370 [69 Pac. 1064, 72 Pac. 988].) Under such an answer the defendant may prove whatever right he may have, including a tax title. (*Hinds* v. *Clark, supra; Tilton* v. *Russek, supra.*) Where the answer contains denials of the plaintiff's ownership and right to

possession, as in this case, and further attempts to plead the tax title specially, the special allegations may be treated as surplusage if insufficient or defective. (*Cole* v. *Segraves,* 88 Cal. 103 [25 Pac. 1109].) The cited case involved a complaint in a suit in ejectment, but what is there said is equally applicable to the answer to a complaint in an action to quiet title which is in the usual form. ▉ Furthermore, any defects appearing in the cross-complaints were cured by appellant's failure to demur, the nature of the allegations and denials of the answers, and the definite and clear-cut issues which the parties addressed themselves to upon the trial of the cause.

▉ As to the merits of the case, plaintiff contends that the proceedings taken by the tax collector are invalid for the reason that one of the four mining properties included is a possessory interest in land of the United States government, and that under sections 3820 and 3821 of the Political Code the assessor, rather than the tax collector, is the sole official authorized to take proceedings to subject such possessory interest to sale for delinquent taxes, which proceedings must be in the manner prescribed by section 3822 of the Political Code. Plaintiff cannot succeed in this contention. Said sections as they stood at the time of the proceedings herein provided as follows:

"3820. The assessor must collect the taxes on all property when, in his opinion, said taxes are not a lien upon real property sufficient to secure the payment of the taxes. The taxes on all assessments of possession of, claim to, or right to the possession of land shall be immediately due and payable upon assessment and shall be collected by the assessor as provided in this chapter.

"3821. In the case provided for in the preceding section, at the time of making the assessment, or at any time before the first Monday of August following the assessment, the assessor may collect the taxes by seizure and sale of any personal property owned by the person against whom the tax is assessed, or if no personal property can be found, then the assessor may collect the tax by seizure and sale of the right to the possession of, claim to or right to the possession of land.

"3822. The provisions of sections 3791,.3792, 3793, 3794, 3795 and 3796 apply to such seizure and sale."

The validity of said sections and their applicability to possessory mining rights and possessory oil leases has been fully sustained. (*Ventura County* v. *Barry,* 207 Cal. 189 [277 Pac. 333]; *Mohawk Oil Co.* v. *Hopkins,* 196 Cal. 148 [236 Pac. 133]; *Bakersfield etc. Co.* v. *Kern County,* 144 Cal. 148 [77 Pac. 892]; *Graciosa Oil Co.* v. *Santa Barbara County,* 155 Cal. 140 [20 L. R. A. (N. S.) 211, 99 Pac. 483].) But none of said cases goes to the extent of holding that said sections prescribe the exclusive method by which possessory interests or personal property may be subjected to the claim of the county for taxes.

As to taxes upon personal property not a lien on real property, section 3790 of the Political Code provides for seizure and sale of any personal property owned by the delinquent by the tax collector, whose powers do not, however, commence until the auditor shall have delivered the assessment-books to him. This must be done on or before the fourth Monday in September. The assessor's powers of seizure and sale in such cases terminate on the first Monday in August. (Sec. 3821, Pol. Code.) Possessory interests are defined by the Revenue Act as real estate (sec. 3617, Pol. Code), and the tax thereon is a lien on the interest assessed. The Revenue Act provides a complete method for the collection of delinquent taxes which are a lien on real property, and makes no exception of possessory interests defined by the act as real estate. The prescribed procedure was followed in the instant case. The tax collector does not initiate proceedings for the collection of delinquent taxes until the third Monday in December (sec. 3758, Pol. Code), which is several months after the assessor's powers of sale have terminated. There is no conflict between the duties of the two officials. If the taxes are not collected by the assessor within the time allowed, they are not lost to the people, but the duty of collection devolves upon the tax collector.

Section 3805a of the Political Code makes express reference to the sale of a possessory interest in land to the state, thereby showing the intended application of the provisions providing for sale by the tax collector to such interests, since the power of acting in the matter of a sale to the state is not conferred upon the assessor.

■ The contention that the proceedings are invalid because they embrace mining equipment not shown to be real property is without merit. By the terms of section 3617 of the Political Code, "all buildings, structures, fixtures, fences and improvements erected upon or affixed to the land, except telephone and telegraph poles", are excluded from the definition of personal property. Section 661 of the Civil Code provides that "sluice boxes, flumes, hose, pipes, railway tracks, cars, blacksmith shops, mills and other machinery or tools used in working or developing a mine are to be deemed affixed to the mine". The deed issued to the defendants as purchasers under section 3898 of the Political Code characterized the property as real property, and said deed is declared by the section to be *prima facie* evidence of the truth of all recitals contained therein.

■ Plaintiff also objects to the sale on the ground that it was not shown that the notice of sale required by the terms of section 3897 of the Political Code had been given to him as the party to whom the land was last assessed. By the provisions of section 3898, *supra,* the deed from the state must recite that the tax collector offered the property for sale "in conformity with law". The deed is, by the further terms of said section, *prima facie* evidence of all facts recited therein. Since a sale in conformity with law could not be had except upon notice duly given, the deed is *prima facie* evidence thereof. (*Hayes* v. *Ducasse,* 119 Cal. 682 [52 Pac. 121].) At the time of the decision in *Johnson* v. *Canty,* 162 Cal. 391 [123 Pac. 263], a case especially relied on by appellant, it was necessary that the *deed* state that notice was given.

■ The deed is not ineffective for uncertainty in the description of one of the parcels included in the proceedings, which is described as "fracl. of lot 2 and fracl. of SW¼ of SW¼ of Section 26 Township 6 North, Range 12 East (containing 4.95 acres), known as the 'Occident Mill Site' ". Section 1092 of the Civil Code furnishes express authorization for a description by name. (*Murray* v. *Tulare Irr. Co.,* 120 Cal. 311 [49 Pac. 563, 52 Pac. 586]; *Haley* v. *Amestoy,* 44 Cal. 132; *Bates* v. *Howard,* 105 Cal. 173 [38 Pac. 715]; *Carter* v. *Bacigalupi,* 83 Cal. 187 [23 Pac. 361].) Hence the designation of the property as "Occident Mill Site" removes any uncertainty.

■ Appellant contends that the sale made by the state to defendants is void for the reason that defendants bid less for the property than $2,272.99, which sum was the total of all taxes levied and all costs and penalties, and was the lowest price at which the property lawfully could be sold. (Pol. Code, sec. 3897.) And, further, appellant contends that even if the sale was for the proper amount, a deed which misrecites a sale for a smaller amount is void. The deed in the instant case recited a sale for $2,219.87. When a tax deed founded upon a valid sale is defective in form or misrecites the true facts, the sale is not rendered void, but the purchaser may compel the issuance to him of a conveyance in due form. (*Morton* v. *Sloan*, 96 Cal. App. 747 [275 Pac. 223], and cases there cited.) In *Morton* v. *Sloan, supra,* in which a hearing was denied by this court, the District Court of Appeal considered the validity of a tax deed issued under section 3785b of the Political Code, which recited that all taxes levied and assessed prior to 1919 had been paid, instead of reciting that all taxes prior to sale had been paid. Although a corrected deed had been filed in the appellate court under section 956a of the Code of Civil Procedure the court held that the original deed was not void, but sufficient to pass title, and merely irregular. A similar decision was made in *Schainman* v. *All Persons,* 96 Cal. App. 753 [275 Pac. 225, 276 Pac. 113], decided the same day. We regard the rule of said decisions as equally applicable to a deed issued under section 3898 of the Political Code, and to an error in stating the amount bid for the property. The misrecital does not destroy the effect of the deed as *prima facie* evidence of the other facts recited therein.

Appellant contends, however, that there is not a mere misrecital of the amount bid, but that in fact defendants bid less for the property than the lowest sum for which it lawfully could be sold. It was advertised for sale at $2,272.99. The deed from the state to defendants recites a sale for $2,219.87, which is $53.12 less than the sum required. The charge for advertising the notice of sale and serving copies thereof, as stated in the notice of sale, was $53.12. Respondents argue that since the charges for advertising are no longer charges against the county, but charges against the property which must be deposited *in advance* of the sale

with the tax collector, said items are not to be included in the bid or statement of sale price in the deed. We think they are in error in this contention.

The record, however, contains evidence in the form of receipts covering both charges, it being stipulated that said receipts were a part of the records of the tax collector's office. These receipts, connected with the transaction in such fashion as to compel the inference of payment on account of the publication of said notice and service, must be held to be *prima facie* evidence of payment. No attempt was made by appellant to minimize their effect in this respect. Beyond question the sum of $53.12 paid in advance of the sale was paid in addition to the sum of $2,219.87 paid at the time of sale, and with said sum constituted the minimum amount named in the notice of sale as the lowest price at which the property could lawfully be sold and in fact was sold. This was a substantial compliance with the law and we cannot see that appellant was prejudiced or misled in any respect by the proceedings.

Judgment affirmed.

Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

Waste, C. J., and Shenk, J., dissented.