[Civ. No. 8673. Third Dist. Nov. 8, 1955.]

CLARENCE P. CRALLE et al., Respondents, v. CITY OF EUREKA, Appellant.

Thomas Cotter, City Attorney, and Mitchell & Henderson for Appellant.

Falk & Falk for Respondents.

McMURRAY, J. pro tem.*—Plaintiffs are the record owners of the real property here involved. They purchased it for value on December 15, 1950. At the time of the purchase they knew of claims of the defendant city on account of certain assessments but claim that they are bona fide purchasers for value under section 2911 of the Civil Code. There were two street assessments which became liens against the property for improvements made on June 19, 1921, and July 21, 1926, respectively, and bonds upon the security of these assessments were issued by which the last installments became due on the above assessments on July 2, 1937, and July 2, 1942, respectively. No judgment foreclosing said liens has been entered although an action was brought therefor against plaintiffs' predecessor in title on June 5, 1941, and dismissed on August 1, 1952, for lack of prosecution. There are no other taxes or liens due and owing defendant city at this time which are a lien against the property.

On May 6, 1941, defendant city's tax collector conveyed this property to defendant by a tax deed for nonpayment of delinquent taxes levied against the property for the fiscal year 1922-1923. This deed was not recorded in the recorder's office of Humboldt County, the county in which the real property is situated, but was filed in the city clerk's office of said city; the plaintiffs had no actual knowledge thereof.

The above facts were stipulated to in the trial court and defendant city appeals from the judgment quieting plaintiff's title.

Appellant city contends that since the 1941 tax deed was filed in the city clerk's office the respondents were charged with notice thereof as such filing was in accordance with the provisions of section 57 of the charter of the city of Eureka. This provision reads as follows:

"Tax Collector.

"Tax collector, qualifications.

"Duties."

"The Tax Collector shall have been a citizen of the State, and a resident and qualified elector of the city, for at least five years next before his election. It shall be his duty to receive and collect all city taxes, general and special; he shall also collect all city licenses, water rates, harbor dues, cemetery receipts, and such other branches of the city revenue, not otherwise herein provided for, as the Council may direct. He shall

*Assigned by Chairman of Judicial Council.

keep proper books, showing all moneys collected by him as Tax Collector, and also a book which shall contain a record of every deed given by or on behalf of the city for real estate sold for delinquent taxes or assessments, which book shall be properly indexed, and shall be at all suitable times subject to public inspection; and do and perform such other duties as may be required of him by law or ordinance of said city. He shall pay all moneys collected by him, as Tax Collector, into the City Treasury, weekly. The time and manner of collecting all licenses shall be provided for by the Council.'' (Stats. 1895, pp. 356, 373.)

By the use of considerable ingenuity appellant urges that this provision is a recording statute since a city charter has the dignity of a state law and must be accorded such weight by the courts. (18 Cal.Jur., Municipal Corporations, § 78.) It is seriously contended that this section of the charter, by providing for a ''properly indexed'' book which is ''at all suitable times subject to public inspection,'' has made provision for giving notice of its tax deeds in such manner as to give notice thereof to all persons and that such provision is an alternative to the provisions of Civil Code, section 1214, relating to recording conveyances.

Even assuming that the language of this section of the Eureka charter, ''every deed given by or on behalf of the City for real estate sold for delinquent taxes or assessments,'' includes a conveyance running to the city, and further assuming that a filing of such a deed with the city clerk was a compliance with the terms of this section, nevertheless we do not think that the section can be construed as a provision for giving public notice of tax deeds.

Section 57 of the charter is entitled ''Tax Collector,'' the marginal note states ''Tax Collector, qualifications. Duties.'' There is no indication of any intention to establish a method of giving notice as to tax deeds. A fair reading of the section must result in a determination that it is concerned with the qualifications and duties of the city tax collector and that the provisions of the section are limited to that office. The provisions as to keeping books and records are to assure that the public will be informed as to the administration of the office, not as to the condition of land titles.

Furthermore, to give an interpretation to the charter section whereby it becomes a recording statute would extend the charter beyond the regulation of municipal affairs. It would be to foster chaos to allow cities to establish recording requirements in addition to those covered by state general laws, the certainty required to expedite title searches would be impaired and rendered more difficult and uncertain if each chartered city were to establish special recording laws.

That cities should restrict themselves to "municipal affairs" is explicit in article XI, section 8, of the Constitution. A freeholders' charter does not supersede any general law which affects and applies to or involves matters concerning the welfare of the people of the state as a whole. (*Whyte* v. *City of Sacramento*, 65 Cal.App. 534 [224 P. 1008] ; *City of Pasadena* v. *Charleville*, 215 Cal. 384 [10 P.2d 745].)

We think the provisions of the Civil Code relating to recording are matters of general state concern and not to be abrogated or enlarged by a municipal charter.

Respondents point out that the pleadings and the original theory of the case were based upon the street assessment liens and that there has been a change in theory to one of reliance on the unrecorded tax deed on this appeal. This appears to be true, but since the stipulated facts did refer to the tax deed it is properly before us. Under an answer denying plaintiffs' title and right to possession, the defendant may prove whatever right he may have, including a tax title. (*Smart* v. *Peek*, 213 Cal. 452, 454 [2 P.2d 380].)

Appellant attacks the bona fides of respondents, arguing that since respondents knew of the city's liens on the property they should have "suspected the existence of a tax deed and investigated the files of the city clerk's office to allay his suspicions. Having failed to do so, Respondents should be charged with notice of the tax deed." This somewhat novel proposition is based upon the contention that being charged with notice of the provisions of section 57 of the city charter, the failure to go to the city clerk's office (not mentioned in the section) "to allay his suspicions" shows a lack of the good faith required to constitute one a bona fide purchaser. Having held that the provision of the charter relied upon, considered as a recording statute, is not one properly within the realm of municipal affairs, we do not now agree with appellant's position on this phase of the case.

Respondents, knowing of the city's liens on the property by reason of delinquent assessments, relied upon the pro-

visions of section 2911 of the Civil Code as their assurance that these liens were extinguished when the property was purchased. This reliance was well founded and was upheld by the trial judge on the basis of *Scheas* v. *Robertson*, 38 Cal.2d 119 [238 P.2d 982], wherein it is pointed out that Civil Code, section 2911, allows one to be a bona fide purchaser for value if he relies on the section for the extinguishment of the liens therein set forth.

Appellant cites many cases relating to notice other than record notice as affecting the status of a grantee. All of the cases correctly state the law applicable to their facts, but none is analogous to the instant case.

If appellant had recorded the tax deed in the county recorder's office pursuant to section 1214 of the Civil Code it would have prevailed here. We find no exception in that code section excluding appellant from its operation. In view of the provisions of Government Code, section 6103, exempting cities from payment of fees for certain filings or for the performance of any other official service, it is difficult to understand appellant's reluctance to comply with the general laws of this state.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.