[Sac. No. 466. Department Two.—December 19, 1898.]

THE PEOPLE, Appellants, v. A. A. SMITH et al., Respondents.

Assessor—Failure to Collect Taxes—Liability upon Official Bond. It is the official duty of a county assessor to collect all poll-taxes, and all taxes upon personal property assessed to persons who are not assessed upon land and improvements; and, for the neglect of such official duty, the sureties upon his official bond are liable.

Id.—Discretion—Ministerial Duty—Breach of Bond.—The assessor is clothed with discretion to determine whether to collect personal property taxes only where the taxes are a lien upon real estate or improvements upon land, and the sufficiency of the security is involved, in which case he is not liable upon his bond for an error of judgment. He has no discretion as to the collection of taxes upon personal property in cases where no real estate or improvements upon land are assessed; but his

duty to collect them is ministerial, and the neglect to discharge it is a breach of his bond.

Id.—Evidence—Motives of Assessor.—In an action upon the official bond of an assessor for failure to collect taxes which it was his official duty to collect, evidence of his motives is immaterial, and he cannot prove that he instructed his deputies "not to press the collection of the taxes, as he did not want the parties mad at him."

APPEAL from a judgment of the Superior Court of Modoc County. N. D. Arnot, Judge.

The facts are stated in the opinion.

W. F. Fitzgerald, Attorney General, and John E. Raker, District Attorney, for Appellants.

D. W. Jenks, and G. F. Harris, for Respondents.

HAYNES, C.—This action is upon the official bond of A. A. Smith, assessor of Modoc county, to collect from his sureties the amount of certain personal property taxes and poll taxes for the years 1892, 1893, and 1894, which it is alleged he failed and neglected to collect. The respondents answered the complaint, a trial was had, and at the conclusion of the plaintiff's evidence the defendants moved for a nonsuit, the motion was granted, and from the judgment of dismissal entered thereon the plaintiff appeals. The proceedings are shown by a bill of exceptions. Smith, the assessor, was not served and did not appear.

The motion for a nonsuit contains nine specifications of grounds for the motion, but the last three only need be noticed. These are as follows: "7. That the complaint does not state facts sufficient to constitute a cause of action against these defendants, or any of them. 8. That it has been neither alleged nor proven that there has ever been any breach of the obligations of said bond by or on the part of these defendants, or either or any of them. 9. That it has not been alleged or proven that there was ever any willful or intentional or corrupt or unlawful failure or neglect or either, on the part of said assessor, to do any official act whatever required of him by law."

The court, in granting the motion, filed a written opinion, from which it appears that he based his decision upon the ground that

no breach of the conditions of the bond had been alleged or proved; that the law as it stood during the years covered by the complaint vested in the assessor a discretion in regard to the collection of personal property taxes; that while it appears from plaintiff's proofs that the county had sustained a financial loss by reason of the failure and neglect of the assessor to collect certain taxes, that neither the assessor nor his sureties are liable for the improper exercise of his discretion, unless such discretion was unlawfully or fraudulently exercised, and that is not alleged.

The sufficiency of the complaint is therefore the first and principal question to be considered.

The condition of the bond in suit is "that if the said A. A. Smith shall well and faithfully perform all the duties now required of him by law, and shall well and faithfully execute and perform all the duties of such office of assessor, required by any law to be enacted subsequently to the execution of this bond, then this obligation is to be void."

The complaint alleges that the personal property of certain persons was assessed as required by law, that the taxes were duly levied, "and that the taxes due thereon for state and county purposes were not a lien upon any real estate of the various parties assessed for such taxes as aforesaid." It then proceeds to allege that certain poll taxes were duly levied, and after stating the amount of the personal property taxes which were not a lien on real estate, and which were not collected, and the amount of the poll taxes not collected, further alleged: "That the said assessor failed and neglected to collect the said personal property tax, the said hospital poll tax, and the said state poll tax, as above specified, and every part thereof, and the whole thereof is now due and unpaid," and was not collected or paid over to the county treasurer.

The like allegations were made as to the unpaid personal property and poll taxes for the succeeding years 1893 and 1894, and a list or schedule of such taxes for each year, with the names of the persons assessed both for personal property unsecured by lien on real estate, and whose poll tax had not been paid, were attached as exhibits, and made part of the complaint, and for the years 1893 and 1894 a road poll tax was included.

It is contended by defendants, and held by the court below, that the statute gave the assessor a discretion as to whether he would collect these taxes, and hence a mere "failure or neglect" to collect them is not a breach of his bond, and that it must be alleged that he "unlawfully, fraudulently, or corruptly exercised his discretion, since the law presumes that his official duty was properly performed."

This discretion with which the assessor is supposed to be clothed is based upon section 3820 of the Political Code as it stood prior to the amendment of 1895, which added a new provision. That section read as follows: "The assessor must collect the taxes on all personal property when, in his opinion, said taxes are not a lien upon real estate sufficient to secure the payment of the taxes." (The remainder of the section applies only to San Francisco.) Section 3821 of the Political Code provides: "In the case provided for in the preceding section at the time of making the assessment, or at any time before the first Monday of July, the assessor may collect the taxes by seizure and sale of any personal property owned by the person against whom the tax is assessed."

Under the first of these sections it is imperative upon the assessor to collect the personal property tax where there is no real estate upon which it can be a lien, and the discretion there given can be exercised only where the taxes are a lien on real estate, and the question arises whether the real estate upon which they are a lien is "sufficient to secure the payment of the taxes."

The complaint does not touch the cases where the personal property tax is a lien on real estate, except as hereinafter noticed, whether sufficient or insufficient to secure its payment, but only those cases where—in the view of the pleader—there is no lien on real estate, and where there is, for that reason, no discretion on the part of the assessor. In such case, after the assessment is made, the duty of the assessor to collect the tax is merely ministerial and gives no room for opinion or discretion, and the neglect to discharge that duty is a breach of the obligation of the bond. In *People v. Gardner*, 55 Cal. 304, 307, it was said: "It is the duty of an officer to do what the law requires to be done in his office, for the law is to him a command which he must obey. If it prescribes the course which shall be taken, and the

thing which must be done by any one in the office, the officer cannot disregard it. A failure to obey the law, or a disregard of duty, is a nonperformance of duty, and a breach of the official bond of the officer for which he and the sureties thereon are liable. When, therefore, the plaintiff had proved that the defendant Gardner, during his term of office, had failed to collect the fees on twelve hundred and eighty-one applications to purchase land from the state, and to account for the same as required by law, that proof should have been considered by the court, and the court erred in granting a nonsuit."

In *Amy v. Supervisors*, 11 Wall. 136, 138, it was said: "The rule is well settled that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct. There is an unbroken current of authorities to this effect."

Of course, there may be a failure to perform a ministerial official duty resulting from an impossibility of performance which would not create a liability; but a nonperformance arising from neglect implies an ability to perform the act, and to such nonperformance liability attaches.

As to the poll taxes, respondents contend that it was not intended the assessor should be responsible, inasmuch as the tax collector is required to collect the poll taxes that are delinquent on the third Monday in January. (Pol. Code, sec. 3858.) But section 3840 of the Political Code provides: "Poll tax must be collected by the assessors between the first Monday in March and the second Monday in January of the ensuing year"; and section 3846 of the Political Code provides: "The assessor must demand payment of poll tax of every person liable therefor, and, on the neglect or refusal of such person to pay the same, he must collect by seizure and sale of any personal property owned by such person."

Doubtless there are cases, perhaps many of them, where the person owing the poll tax has no property, and where no debtor of the delinquent can be found by the assessor after using reasonable diligence, and hence there may be delinquent poll taxes to be turned over to the tax collector; but the evidence shows that a large number of persons who were assessed for poll taxes were

also assessed upon personal property, and in such case it would
appear that it was in his power to make the collection, the as-
sessors' lists themselves making a *prima facie* case for the plain-
tiff and shifting the burden to defendants.   And so in relation
to the personal property tax; if the assessor's returns show that
no real estate was assessed to the persons named in the sched-
ules or lists attached to the complaint, and that the personal
property tax was not paid, a *prima facie* case is made for the
plaintiff, since in such case it must be assumed that if the person
whose personal property was assessed owned real estate upon
which such tax might be a lien, that it also would be assessed and
appear upon his assessment book; and, as the tax was levied by
the assessor upon personal property, he must have known of
property which he could seize to collect the tax.

Leaving out of view for the present those cases where improve-
ments upon government land and improvements on homestead
and pre-emption claims were assessed, there was sufficient evi-
dence to have sustained a judgment for the plaintiff.

As to the improvements above mentioned, section 3650 of the
Political Code, subdivision 12, provides that they shall be as-
sessed "as other real estate upon the assessment-roll."   But it
further provides: "No value shall, however, be assessed against
the exempt land, nor under any circumstances shall the land be
charged with or become responsible for the assessment made
against any taxable improvements located thereon."

Section 3617 of the Political Code defines the terms used in
the assessment of property for the purposes of taxation, and these
definitions must control in matters relating to taxation, whether
they conform to the definitions used in the law for other pur-
poses or not.

That section, prior to the amendment of 1895, among other
things, provided: "Second.   The term 'real estate' includes: 1.
The possession of, claim to, ownership of, or right to the pos-
sion of land. . . . . 4. Improvements.   Third.   The term
'improvement' includes: 1.   All buildings, structures, fixtures,
fences, and improvements erected upon or affixed to the land.
2. All fruit, nut-bearing, or ornamental trees and vines not of
natural growth."

"Improvements," for the purposes of taxation, are therefore

real estate, and section 3650 of the Political Code requires them to be assessed as such, but the land, if exempt from taxation, cannot be charged with the tax or made responsible for it, and section 3717 of the Political Code declares that "every tax due upon personal property is a lien upon the real property of the owner thereof"; and the next section (3718) provides that, "every tax due upon real property is a lien against the property assessed; and every tax due upon improvements upon real estate assessed to others than the owner of the real estate is a lien upon the land and improvements; which several liens attach as of the first Monday of March, in each year."

The taxes assessed upon improvements made upon public non-assessable land are therefore taxes upon real estate and a lien upon the improvements; and taxes assessed to the owner of the improvements upon his personal property are also a lien upon his improvements, and as to such personal property taxes the question is presented to the assessor whether such improvements are sufficient to secure the payment of the personal property tax. For an error of judgment in such case the assessor is not liable upon his official bond. Poll taxes, however, are not made a lien upon real estate, and it is the imperative duty of the assessor to collect them wherever he can, by reasonable diligence, find the means of enforcing payment. It follows that as to the poll taxes, and personal property taxes assessed to persons not assessed upon land or improvements, the complaint states a cause of action, and the evidence would have sustained a judgment.

It is said by respondents that there is no provision in the codes or statutes making the assessor responsible for a failure to collect a poll tax. But the code makes it part of the official duties of the assessor to collect these taxes, and his bond covers and extends to all his official duties.

Upon the trial plaintiff attempted to prove that the assessor instructed his deputies "not to press the collection of these taxes, as he did not want the parties mad at him." An objection to the question was sustained. Under the allegations of the complaint it was immaterial as to whether his failure to collect taxes which it was his duty as a ministerial officer to collect was from mere neglect or from motives of personal popularity. If the complaint had charged malfeasance in office, the unlawful and

corrupt failure and neglect to collect taxes, as where his discretion was exercised, not as a matter of judgment where there was room for a difference of opinion, but for a corrupt or unlawful purpose where there was no reasonable ground for the exercise of discretion, the evidence would have been material and competent.

Whether the court erred in denying plaintiff's motion to set aside the nonsuit and permit an amendment to the complaint, need not be considered.

Some other questions were made in the motion for a nonsuit, but none of them are noticed in the briefs, and it is therefore assumed that they are not relied upon by respondents. We see nothing in any of them, however, which would avail defendants, and we shall not therefore state or discuss them.

We advise that the judgment appealed from be reversed.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

Temple, J., McFarland, J., Henshaw, J.