[Sac. No. 5268. In Bank.—February 14, 1940.]

HARRY M. KAMP, Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., et al., Respondents.

Herman Weinberger and Arthur L. Shannon for Appellant.

Earl Warren, Attorney-General, and H. H. Linney and James J. Arditto, Deputies Attorney-General, for Respondents.

GIBSON, J.—This action was instituted by the plaintiff pursuant to section 31 of the Retail Sales Tax Act of 1933 to recover tax paid under protest. Plaintiff appeals herein from the judgment entered for defendants by the trial court.

The plaintiff is engaged in the practice of optometry under the authority conferred by a registration certificate or license issued to him by the state board of optometry under the State Optometry Act. He does not carry a stock of frames, lenses or other tangible personal property for sale at his office, but keeps there only an assortment of samples of frames from which his patient makes a selection. When his examination of the patient discloses the necessity of glasses, he prepares a prescription for the lenses to be fitted into the type of frame selected, and the prescription is then sent to the supply house to be filled. After the glasses are completed they are re-

turned to plaintiff who fits and adjusts them to his patient's eyes.

Plaintiff makes a lump sum charge to his patients, the form of his statement reading ''For Professional Services Rendered''. There is no itemization in the statement of separate charges for services, lenses, frames or fitting, although the cost of the lenses and frames is taken into consideration in arriving at the amount of the lump sum charge. The only question presented for our consideration is whether the retail sales tax applies to the portion of the charge which may be said to represent the fair retail value of the glasses furnished by the plaintiff to his patient.

The State Board of Equalization, the tax administering agency, regards an optometrist as a retailer of glasses furnished to his patients, its sales tax ruling number 37 reading as follows:

''Oculists, opticians and optometrists must pay the tax on the receipts from the sales of glasses, frames, lenses and other items of tangible personal property sold by them. However, the tax does not apply to charges for eye examination and fitting glasses to a patient. If the charges made cover both glasses, frames, lenses and other items of tangible personal property and also charges for professional service, a segregation must be made and the tax paid on the fair retail value of the items of tangible personal property furnished.''

The plaintiff denies that he is engaged in the business of selling tangible personal property, contending that he is engaged in the practice of a profession and that the furnishing of glasses to his patients is purely incidental to the rendering of professional service. In support of this position plaintiff cites *Pennington* v. *Bonelli*, 15 Cal. App. (2d) 316 [59 Pac. (2d) 448], wherein the court characterized the activities of optometrists under the State Optometry Act as the practice of a profession and not the conduct of a business; and *Babcock* v. *Nudelman,* 367 Ill. 626 [12 N. E. (2d) 635], wherein the Illinois Supreme Court ruled that an optometrist was not a retailer within the meaning of the Illinois Retailer's Occupation Tax Act, which is similar to our Retail Sales Tax Act.

The fact that plaintiff's operations are regarded as the practice of a profession under the State Optometry Act does not preclude the possibility that they may involve sales of tangible personal property within the meaning of the Retail

190

Sales Tax Act for plaintiff's obligations for sales tax is to be determined through a consideration of the provisions of the latter act. (*Jameson Petroleum Co.* v. *State,* 11 Cal. App. (2d) 677, 680 [54 Pac. (2d) 776]; *County of Ventura* v. *Barry,* 207 Cal. 189, 195 [277 Pac. 333]; *People* v. *Smith,* 123 Cal. 70, 75 [55 Pac. 765].) We must, accordingly, turn to the Retail Sales Tax Act to ascertain plaintiff's tax liability thereunder.

We have had occasion this day in our opinion in the case of *Bigsby* v. *Johnson,** Sac. No. 5278 (Cal.) [99 Pac. (2d) 268], to discuss at some length the factors which give rise to a sale of tangible personal property within the meaning of the Retail Sales Tax Act and a repetition here of that discussion is unnecessary. That there is a transfer of title to tangible personal property, the completed glasses, from the plaintiff to his patient cannot, of course, be denied. The evidence establishes that there is a consideration for that transfer for one of the elements entering into the calculation of the plaintiff's charge to his patient is the value of the tangible personal property furnished to the patient. The fact that the billing rendered to the customer does not show separately the sales price of the glasses is immaterial, for the form of the billing could in no way affect the essential character of the transaction if it was in fact a sale of tangible personal property within the meaning of the act. The manner in which the terms "retailer", "sale", and "business" are defined in the act compel, in our opinion, the conclusion that plaintiff makes a sale of tangible personal property within the meaning of the act when he furnishes glasses to his patient.

Our conclusion is supported by *State Tax Com.* v. *Hopkins,* 234 Ala. 556 [176 So. 210], wherein the court held that optometrists were retailers of tangible personal property within the purview of the Alabama Sales Tax Act. The decision of the Illinois Supreme Court in *Babcock* v. *Nudelman, supra,* is undoubtedly inconsistent with the view set forth herein. We have already however, in the Bigsby case refused to follow the reasoning of the Illinois Supreme Court in its construction of the Illinois Retailers Occupation Tax Act. Our rejection of the construction given by that court finds additional support in its decision in *American Optical Co.* v. *Nudelman,*

---

*In the case of *Bigsby* v. *Johnson* the Supreme Court granted a rehearing on March 14, 1940.

370 Ill. 627 [19 N. E. (2d) 582], wherein the court, despite its holding in the Babcock case that the tax was not applicable to the furnishing or sale of glasses by an optometrist to his patients, refused to apply the tax with respect to the sales of the supply house which filled the optometrist's prescription and thereby furnished lenses and frames to the optometrist. We do not believe that the legislature of this state intended so completely to relieve from the tax the sales of any tangible personal property not specifically exempted by the act. ■ The broad definition of the term "retail sale" as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property . . . " compels the conclusion that the tax must be paid at some time with respect to all tangible personal property sold for use or consumption and the sale of which is not specifically exempted from the tax and leaves for construction only the question as to the person to be regarded as the retailer or as making the retail sale of the tangible personal property. As we have already determined that the furnishing of the glasses by the plaintiff to his patient constitutes a sale of tangible personal property and as that sale is clearly not a sale for resale, it follows that the plaintiff is the retailer of the glasses within the meaning of the Retail Sales Tax Act. The judgment for defendants, should, therefore, be and it is affirmed.

Curtis, J., Edmonds, J., Carter, J., Shenk, J., and Waste, C. J., concurred.