## Cusick et al. v. Commonwealth et al.

(Decided June 21, 1935.)

H. B. JONES for appellants.

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Suing on their own behalf and on behalf of others having a common interest, J. Roy and J. L. Cusick, doing business under the firm name of J. L. Cusick, brought this action against the auditor of public accounts for a declaration of rights under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a-1 et seq.). The particular question presented for decision was whether photographs were subject to the 3 per cent. sales tax. The trial court held that they were, and

rendered a judgment dismissing the petition. The appeal challenges the propriety of that ruling.

The Gross Receipts Tax Law of 1934 provides:

"An excise tax is hereby imposed on every merchant engaged in the sale of tangible personal property at retail, equal to three per centum (3%) of the aggregate gross receipts from the sale of tangible personal property by merchants made after this act becomes effective, and every merchant engaged in the sale of tangible personal property at retail is required to collect the tax from the purchaser and/or account to the State of Kentucky for such tax, in the manner provided in this act."

Section 4281v-3, Kentucky Statutes, Baldwin's 1934 Special Supplement.

For the purpose of the act, a "merchant" is defined "as a person regularly engaged in the vending of tangible personal property." The term "sales at retail" is defined as "sales of tangible personal property not intended for resale." The term "does not include casual sales by a person not regularly engaged in making sales, sales of material which enters into and becomes a part of a finished product to be offered for sale, including the container in which such product is sold." "Gross receipts" are deemed "to include receipts by a merchant operating a place of business or store, irrespective of whether or not the amounts be received for sales made at the store," etc. The term "store" is defined "as a building, room, or place in or at which tangible personal property is kept for sale, or from or at which such property is sold." Section 4281v-2, Kentucky Statutes, Baldwin's 1934 Special Supplement.

Briefly stated, the facts pleaded are: Plaintiffs are operating and conducting a photographic studio in the city of Louisville, and are engaged in drawing, painting, enlarging, and making pictures, and in operating their said business of art studio they are not engaged in business as merchants, or otherwise selling or vending tangible personal property. Their work consists entirely of labor, and their said business is one of personal service requiring science, skill, and talent in drawing, painting, and enlarging pictures, and the small amount of material, such as chemicals, paints, oils, crayons, etc., going into the making or drawing of the picture is

expressly exempted from taxation under the provisions of the Gross Sales Tax Law.

In addition to the facts pleaded, we have the following argument: The cost of a picture portrait or drawing is not the pasteboard or canvas on which it is painted or drawn, but is the art, skill, and talent of the artist. It is a creation of art made under contract for a particular party. It is not kept for sale, cannot be sold, and never becomes merchandise within the meaning of the act. Though the argument is strongly pressed, we are inclined to the view that photographs fall within the provisions of the law. The tax is imposed on every merchant engaged in the sale of tangible personal property, and a merchant is "a person regularly engaged in the vending of tangible personal property." A photograph is personal property, and being corporeal in character, it cannot be doubted that it is tangible personal property. Not only so, but the act is not confined to personal property kept for sale. It is true that the term "store" is defined "as a building, room, or place in or at which tangible personal property is kept for sale," but it is also defined as a place "or from or at which such property is sold." That being true, it is not necessary that the tangible personal property be kept for sale, but sufficient that it be actually sold. Coming to the argument that a photographer is engaged in selling service, and that service is not taxable, it must not be overlooked that the chief value of many articles consists in the cost of the service and skill by which they are produced, rather than the cost of materials out of which they are made. Moreover, the situation is not the same as if the patron took an article to another to be repaired and paid only for the service rendered. One who desires a photograph of himself or his family does not contract simply for service. He desires the finished article, and that is what he buys and what the photographer sells. It is true that the photograph is of a particular person, and that the market is limited, but that is more or less true in every case where clothing or other articles are made to order for a particular person, or a particular purpose, and are not regularly kept on hand.

It follows that the ruling of the trial court was proper.

Judgment affirmed. Whole court sitting.