### McGARRY *v.* J. A. MERCIER CO.

1. PHYSICIANS AND SURGEONS—REPORTS TO PATIENT'S EMPLOYER.
   In action by physician for services rendered injured employee of defendant at latter's request it is no defense that plaintiff's reports to defendant were infrequent, where reports were given when called for, in absence of a specific understanding to do otherwise.

2. SAME—X-RAY NEGATIVES—PROPERTY OF PRACTITIONER—COST.
   In absence of agreement to the contrary, X-ray negatives are the property of the physician who has made them incident to treating a patient notwithstanding cost is charged to one engaging the practitioner.

3. SAME—POSSESSION OF X-RAY NEGATIVES.
   Refusal of physician to surrender possession of X-ray negatives to other physicians at request of employer where permission to inspect them without removal from plaintiff's clinic was granted *held*, no defense in latter's action against employer who requested that plaintiff render professional services to an injured employee.

4. Same—Workmen's Compensation Act—Evidence.

In action by physician against employer for services rendered at latter's request to injured employee, exclusion of testimony that employer and employee were under workmen's compensation act *held*, proper, since such testimony was.immaterial where employment of plaintiff was admitted.

5. Same—Services—Rate of Charge.

In physician's action for services rendered injured .employee at employer's request, rate of charge *held*, justified by evidence submitted in non-jury trial.

6. Same—Frequency of Visits to Patient.

In physician's action against employer for professional services rendered employee, claim that patient was visited more frequently than necessary, not sustained by testimony in judgment of trial court in non-jury trial, is not disturbed on appeal under record presented.

Appeal from Genesee; Parker (James S.), J. Submitted June 19, 1935. (Docket No. 124, Calendar No. 38,295.) Decided September 9, 1935.

Assumpsit by Burton G. McGarry against J. A. Mercier Company, a Michigan corporation, for professional medical services rendered to one of defendant's employees. Judgment for plaintiff. Defendant appeals. Affirmed..

*Basil F. Baker* and *Maurice Matthews,* for plaintiff.

*David E. Roberts,* for defendant.

North, J. Plaintiff is a physician and surgeon located at Fenton, Michigan. Defendant is a Michigan corporation which constructs highways. One of defendant's employees, Fred Miller, was accidentally injured in the course of his employment. Plaintiff was engaged by defendant to give the injured employee professional care. He rendered

such service from September 4, 1931, to January 18, 1932. Defendant declined to pay plaintiff's bill when presented. In a non-jury trial before the circuit judge plaintiff had judgment from which this appeal was taken.

Miller was injured while tearing down a manhole form used in cement construction. The crowbar he was using slipped, wrenching his body in such a manner as caused lower back injuries involving the sacroiliac joint. Plaintiff's employment by defendant is admitted. But defendant seeks to avoid payment because the employee's condition was not more frequently reported by the doctor to the defendant and also because plaintiff refused to deliver to defendant for use by other physicians X-ray negatives which plaintiff had taken incident to treating Miller; although plaintiff was willing the negatives should be inspected by other physicians if not removed from plaintiff's clinic.

Under this record there is no merit in either of these alleged defenses. Plaintiff did not refuse to report Miller's condition to defendant when requested. In the absence of a specific understanding to do otherwise, the reports made to the employer as to the employee's condition were all that were required of plaintiff.

Further, plaintiff was fully justified in refusing to surrender possession of the X-ray negatives. In the absence of agreement to the contrary, such negatives are the property of the physician or surgeon who has made them incident to treating a patient. It is a matter of common knowledge that X-ray negatives are practically meaningless to the ordinary layman. But their retention by the physician or surgeon constitutes an important part of his clinical record in the particular case, and in the aggregate these negatives may embody and preserve

much of value incident to a physician's or surgeon's experience. They are as much a part of the history of the case as any other case record made by a physician or surgeon. In a sense they differ little if at all from microscopic slides of tissue made in the course of diagnosis or treating a patient, but it would hardly be claimed that such slides were the property of the patient. Also in the event of a malpractice suit against a physician or surgeon, the X-ray negatives which he has caused to be taken and preserved incident to treating the patient might often constitute the unimpeachable evidence which would fully justify the treatment of which the patient was complaining. In the absence of an agreement to the contrary there is every good reason for holding that X-rays are the property of the physician or surgeon rather than of the patient or party who employed such physician or surgeon, notwithstanding the cost of taking the X-rays was charged to the patient or to the one who engaged the physician or surgeon as a part of the professional service rendered. Careful research indicates that the question here presented is one of first impression. While not fully to the point, it has been indicated by court decisions that the negative of an ordinary photograph, in the absence of an agreement otherwise, belongs to the operating photographer, though his use thereof may be restricted. *Corliss* v. *E. W. Walker Co.*, 64 Fed. 280; *Pollard* v. *Photographic Co.*, 40 Ch. Div. 345 (60 L. T. 418).

Under this record the circuit judge was not in error in refusing defendant's offer of testimony that the defendant company and Miller were under the Michigan workmen's compensation act (2 Comp. Laws 1929, § 8407 *et. seq.*). This was wholly immaterial because plaintiff's employment by defendant was admitted. The testimony justified the rate of

charge made by plaintiff for his services.  Defendant's contention that the patient was visited more frequently than necessary was not sustained by the testimony in the judgment of the trial court.  The record on appeal does not afford a justification for altering such determination.

Judgment affirmed.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.