ALEX HOCHSTADTER et al., Respondents, v. H. TARR, INC., Appellant.

Supreme Court, Appellate Term, First Department, February 6, 1947.

*Isidor B. Rosman* and *Carmine S. Romano* for appellant.

*Julius Wolfson* for respondents.

*Stanley A. Katcher* for Professional Photographers Club of N. Y., Inc., *amicus curiæ.*

SHIENTAG, J. The question involved on this appeal is whether, in the absence of an agreement on the subject, negatives belonged to the customer or to the photographer.

The plaintiffs brought this action in replevin to recover five negatives of certain photographs taken of them by the defendant, a professional photographer. The photographs were taken for an agreed price, were delivered and the bill was paid. Plaintiffs then demanded delivery of the negatives whose value was proved as merely nominal. The court below decided that the negatives belonged to the customer and granted judgment against the photographer in the sum of $9.56. From that judgment this appeal was taken. The amount involved is, to be sure, a small one, but the principle is of importance. At the trial

testimony was given that there was an established custom with reference to the retention of negatives that " it has always been the custom for the photographers to retain the negatives." There having been no agreement with respect to the negatives, it would seem that the custom and usage in the industry with respect thereto should prevail. It is urged, however, that it is established law that the customer has the right to the possession of the negatives and if that were so, any alleged custom or usage to the contrary would be ineffective. Research has failed to disclose any case, in this jurisdiction at least, where the ownership of negatives was decided by the court in the absence of an agreement. It is true that the photographer's right to retain the negatives gives him no right to use them for any purpose whatsoever, except at the request of the customer. The photographer cannot sell the negatives or make photographs from them for anyone except the customer. Thus, in *Holmes* v. *Underwood & Underwood, Inc.* (225 App. Div. 360) an injunction was granted against a photographer who knowingly used a picture of the plaintiff for trade purposes by selling it to a newspaper without the customer's consent. In *White Studio, Inc.*, v. *Dreyfoos* (156 App. Div. 762) the court held that the ordinary contract between a photographer and his customer was one of employment. It followed in that case that where a person who has had her photograph taken authorized persons other than the photographer to market copies thereof, the photographer could not maintain a suit to enjoin the reproduction and sale of the pictures. The photographer (p. 764) " has no right to sell and dispose of reproductions from its negative without the consent of its sitter." Neither one of these cases decided that the customer had the right to the possession of the negatives.

There is nothing inconsistent with proprietary rights in the customer and the holding that the custody of the plates should remain with the photographer. This view would seem to represent the expectation of the parties in the absence of any special agreement to the contrary. There are indications in some of the decisions, although no definite adjudication on the subject, that the photographer has the right to retain the custody of the negatives. In *Corliss* v. *E. W. Walker Co.* (64 F. 280, 281) it was said: " When a person engages a photographer to take his picture, agreeing to pay so much for the copies which he desires, the transaction assumes the form of a contract; and it is a breach of contract, as well as a violation of confidence, for the

photographer to make additional copies from the negatives. The negative may belong to the photographer, but the right to print additional copies is the right of the customer." (See, also, Parker on Laws Which Affect the Photographer, pp. 20, 21.) In *Pollard* v. *Photographic Co.* (40 Ch. D. 345) the court said (p. 352): " It may be said that in the present case the property in the glass negative is in the Defendant [photographer], and that he is only using his own property for a lawful purpose. But it is not a lawful purpose to employ it either in breach of faith, or in breach of contract." ·

We hold, therefore, that where a customer employs a photographer to make pictures of him, the photographer, in the absence of an agreement to the contrary, has the right to retain the negatives. He may not, however, make any use of the negative without the permission of the customer.

The judgment below should be accordingly reversed, with $20 costs, and complaint dismissed on the merits, with costs.

HAMMER, J. (concurring). In my opinion a photographer owning a plate or film which, upon employment, is furnished as part of the transaction of taking a photograph for a customer, continues in such ownership in the absence of agreement providing otherwise. As in the process of photography, the designated object is produced as an image on such plate or film, the photographer's ownership is subjected to a limitation by which the negative may only be used for such reproduction as the customer authorizes. Difference of such limitation in respect of private and public persons is not involved or considered.

HECHT, J., concurs with SHIENTAG, J.; HAMMER, J., concurs in memorandum.

Judgment reversed, etc.