### REEVES v. PENNSYLVANIA R. CO.

Civ. No. 1129.

United States District Court
D. Delaware.
Sept. 28, 1948.

James R. Morford (of Marvel & Morford), of Wilmington, Del., for plaintiff.

James L. Latchum and William S. Potter (of Southerland, Berl & Potter) of Wilmington, Del., for defendant.

RODNEY, District Judge.

This suit is based upon personal injuries to the plaintiff caused by the alleged negligence of the defendant in the operation of its railway train, and damages are sought in the sum of $40,000.

The defendant, pursuant to Rule 33, Federal Rules of Civil Procedure, 28 U

S.C.A., propounded the following interrogatories which, with the answers thereto, are pertinent to the present application:

"(3) When, where and how many of the X-rays referred to in paragraph 11 of the complaint were taken? A. Two to date, both at the office of Dr. B. M. Allen, 909 Washington Street, Wilmington, Delaware, the first on or about May 13, 1947 and the second several weeks later."

"(4) In whose possession are these X-rays now lodged? A. Deponent does not know, but presumes either Dr. Irvine M. Flinn, Jr., or Dr. B. M. Allen."

"(25) Have you ever filed a federal income tax return? A. Yes."

"(26) If the answer to 25 is 'Yes', state the years that you filed such a return. A. Last three or four years."

Defendant, pursuant to Rule 34, has moved for an order requiring the plaintiff "(1) to produce and to permit defendant to inspect and to copy each of the following documents: (a) plaintiff's 1942, 1943, 1944, 1945 and 1946 federal income tax returns * * * (2) to produce and permit defendant to inspect and to photograph or otherwise similarly reproduce the two (2) X-rays of plaintiff's alleged injury." Defendant alleges that the plaintiff has either the possession, custody or control of each of the foregoing documents and X-ray photographs and each of them constitutes or contains evidence relevant and material to a matter involved in this action.

Plaintiff has filed an affidavit that she does not have in her possession, custody or control federal income tax returns for the stated years or any copies thereof; that she does not definitely know whether she filed a return for each of said years, and that any returns she may have filed will appear in the Collector's Office at Wilmington, Delaware.

Plaintiff's affidavit also states that she does not have in her possession, custody or control and does not have the right to possession, custody or control of the X-ray photographs and that such X-ray photographs are presumably in the possession and custody of and subject to the sole control of either Dr. B. M. Allen or Dr. Irvine M. Flinn.

The question now presented is whether the documents and X-ray photographs, the production of which is demanded, are in the possession, custody or control of the plaintiff.

[1] 1. It is established that if a party has retained copies of his income tax returns, then such retained copies are without privilege and can be required to be produced under Rule 34. Connecticut Importing Co. v. Continental Distilling Corp., D.C.Conn. 1940, 1 F.R.D. 190; Judson v. Buckley, D.C.S.D.N.Y.1940, 3 Fed.Rules Serv. 34, 42, case 6 p. 395; June v. George C. Peterson Co., 7 Cir. 1946, 155 F.2d 963. In the present case, however, the plaintiff retained no copies of the income tax returns and inquiry must be had as to what degree of custody or control remains in the plaintiff as to the returns filed by her.

The pertinent statute[1] provides that income tax returns "shall constitute public records and shall be open to public examination and inspection to such extent as shall be authorized in rules and regulations promulgated by the President." By Executive Order No. 8230 issued August 28, 1939[2] the President ordered, inter alia, that income tax returns should be open to inspection in accordance with and upon compliance with the rules and regulations prescribed by the Secretary of the Treasury in the Treasury Decisions relating to the inspection of such returns. The promulgated Treasury regulations[3] provide that the return of an individual shall be open to inspection (a) by the person who made the return or by his duly constituted attorney in fact. The same regulations also provide[4] that copies or certified copies of the return may be obtained by any person entitled to inspect such return upon the payment of a reasonable fee for such copies.

[2] Having in mind the broad and liberal purposes of the discovery process pro-

---

[1] 26 U.S.C.A. § 55(2).

[2] 3 Code of Fed.Reg., Cum.Supp., p. 569.

[3] 26 Code of Fed.Reg., Cum.Supp. Sec. 458.302, p. 8401.

[4] Ibid. Sec. 458.505, p. 8409.

vided by Rule 34 and that copies of the income tax returns retained by the taxpayer are subject to production under the Rule and that the taxpayer alone has the right to inspect filed returns and obtain copies thereof, I am of the opinion that the taxpayer retains such a potential right to the custody or control of the copies as to require production of such copies. The potential right to the custody and control of the copies may be converted into an actual custody and control solely upon the exercise of the option of the taxpayer. If the copies were not required to be obtained and produced and such copies could not be obtained by any one other than the taxpayer, then a taxpayer who retained no copies or who destroyed copies would be in an immeasurably better position than the careful person who retained such copies. The exact situation was passed upon under Admiralty Rule 32, 28 U.S.C. A., which is in identical language as original Rule 34 of the Rules of Civil Procedure. In The Sultana, D.C.W.D.N.Y.1948, 77 F. Supp. 287, 288, copies of income tax returns had not been retained, but the taxpayer was ordered to inspect the returns as filed and obtain copies thereof and produce the same under the rule.[5]

■ Rule 34 provides that an order for production may prescribe such terms and conditions as are just and in view of the fact that the obtaining of copies of the income tax returns may involve some expense, the order for the production of such copies shall include the provision that the expense of such copies shall be advanced by or borne by the party seeking such production.

2. The matter of production of the X-ray photographs is in a different situation from the income tax returns. The plaintiff denies having such X-ray photographs in her possession or that they are in her custody and control. She has stated that she believes them to be in the possession of either the doctor by whom they were actually taken or of the doctor at whose request, presumably, they were taken. Clearly there is no showing that the photographs are in her possession. The defendant suggests that a request of the plaintiff for the custody of the photographs would probably be complied with. No right is shown to exist in the plaintiff to enforce a demand for such X-ray photographs from the person having the possession, custody or control and the lack of a right to enforce the demand negatives the legal right of custody or control.

The authorities concerning the relative rights in X-ray photographs taken by a doctor in the course of his professional employment are exceedingly rare.

In the faintly analogous case of ordinary photographs the actual legal and physical possession of the negative would seem, in the absence of an agreement to the contrary, to remain with the photographer, although his right of use or reproduction of the negative is severely limited. Hochstadter et al. v. H. Tarr, Inc., 188 Misc. 561, 68 N.Y.S.2d 762. See also cases collected in 24 A.L.R. 1320.

A careful examination has disclosed but one case dealing with the right of possession of X-ray photographs. In McGarry v. J. A. Mercier Co., 272 Mich. 501, 262 N.W. 296, 297, 100 A.L.R. 549, noted 49 Harv.L. Rev. 489, it was held that such X-ray photographs were the property of the doctor who took such photographs and not of the person who authorized such taking. It was there pointed out that X-ray photographs constitute "an important part of his clinical record in the particular case, and in the aggregate these negatives may embody and preserve much of value incident to a physician's or surgeon's experience. They

---

[5] In the cited case the motion for production desired the party "to inspect or cause to be inspected by his attorney in fact his income tax returns for the years 1942, 1943, 1944, 1945 and 1946, and secure certified copies thereof, and produce the same and permit the inspection and copying or photographing thereof by or on behalf of the claimant."

In the present case the motion was merely to "produce" the income tax returns. No objection being made to the form of the present motion, it is treated as a motion requiring the plaintiff to inspect the original returns, in person or by her attorney in fact, and to obtain copies thereof and produce such copies for inspection and copying.

are as much a part of the history of the case as any other case record made by a physician or surgeon. In a sense they differ little if at all from microscopic slides of tissue made in the course of diagnosis or treating a patient. * * *."

■ Reason and authority require that the order on the plaintiff to produce the X-ray photographs not in her possession, custody or control but in the possession, custody or control of another person, to wit, the doctor, be denied. Of course, it is obvious that I am not passing upon rights as between a medical specialist who actually took the photographs and a medical diagnostician at whose special instance and for whose information the photographs were taken.