## GRAY v. BERNUTH, LEMBCKE CO., Inc.
### No. 7319.

United States District Court
E. D. Pennsylvania.

Oct. 22, 1948.

Samuel Mandel and Freedman, Landy & Lorry, all of Philadelphia, Pa., for plaintiff.

John A. Friedrich and Krusen, Evans & Shaw, all of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a motion under Federal Rules of Civil Procedure, Rule 34, 28 U.S.C.A. to require plaintiff to produce "all of that information in Plaintiff's records under the Selective Training and Service Act of 1940 * * * which are now in a Federal Records Depot of the State Headquarters for Selective Service." Plaintiff contests the motion vigorously, claiming that the documents sought are privileged by statute. I feel that there is a serious question, as well, as to whether plaintiff has the requisite "control" of the records sought, sufficient to justify resort to Rule 34. But cf. Reeves v. Pennsylvania Railroad Co., D.C., 80 F.Supp. 107. However, since I regard the claim of privilege, at this point, as valid, it is unnecessary to decide this point.

Records of registrants under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., have been transferred, by Act of Congress, to the Office of Selective Service Records. 50 U.S.C.A. Appendix, § 321 et seq. Under that Act the Director "is authorized to prescribe such rules and regulations as may be necessary to preserve the confidential nature of the individual confidential records previously obtained under the Selective Training and Service Act of 1940 * * *". Regulations carrying out this policy have been laid down by the Director. Cf. 12 F.R. 6872. Defendant has attempted to obtain the records sought here directly from the Records Depot of the State Headquarters for Selective Service. It was advised that the "information * * * is confidential and shall not be made available in any manner or used for any purpose without the approval of the Director of Selective Service." This approval defendant has apparently not attempted to obtain. Defendant was also advised that "Information in a registrant's file may be disclosed or furnished to or examined by the registrant or any person having written authority from the registrant * * *." Defendant's motion therefore, is an attempt to force plaintiff to disclose the information contained in his Selective Service file. If the records sought are privileged, within the meaning of Rule 34, the motion should be denied.

In McGlothan v. Pennsylvania Railroad Company, 170 F.2d 121, the Court of Appeals for the Third Circuit indicated that a similar statute, 38 U.S.C.A. § 456, might accord a privilege to both the government and the individual whose records were concerned. The privilege in that case was nullified by waiver; it was held that both the Veterans Administration and the plaintiff, whose records were the subject of dispute, had waived the right to keep them out of the evidence. No waiver appears in the instant case, as yet, and it seems to me that at least some of the information contained in a Selective Service file is protected by a privilege running to the registrant, as well as to the government. Defendant has elected to test the former in a blanket demand, and I feel, therefore, that the motion must be denied. An order will be entered in accordance with this opinion.