[Civ. No. 17511. Second Dist., Div. One. Oct. 17, 1950.]

S. C. MARANVILLE, Respondent, v. STATE BOARD OF EQUALIZATION, Appellant.

Fred N. Howser, Attorney General, James E. Sabine and Edward Sumner, Deputy Attorneys General, for Appellant.

Parker, Milliken & Kohlmeier and Harrison Harkins for Respondent.

DRAPEAU, J.—Plaintiff made X-ray pictures of parts of anatomies of patients, for the use of doctors and dentists. These pictures are called radiographs. Plaintiff took and developed radiographs, and made reports analyzing their meaning. He was what is termed a lay technician. He made no diagnoses from the radiographs. But he did advise the professional men of his conclusions of conditions of anatomies as they appeared to him in the pictures. He "interpreted light shadows." His reports were oral over the telephone, or in writing. He testified that he did not base his charges at the rate of so much per radiograph; that his charges were for his services in securing information necessary for the doctor or dentist in each case.

The patients paid for plaintiff's services. After being used, the radiographs were returned to and stored by plaintiff. He testified that it was generally understood that he owned the radiographs at all times.

In competition with plaintiff were X-ray laboratories operated by hospitals and doctors. In his memorandum of opinion denying appellant's motion for a new trial, the late Judge Charles S. Burnell well compared lay laboratories and medical laboratories:

". . . the operation of lay laboratories such as that maintained by plaintiff is practically identical with that of medical laboratories; their charges are about the same; each type of laboratory retains possession of the radiograph, and it is common knowledge that these films are the property of the laboratory producing them. . . .

"In answer to a question by the court: 'I don't care whether it is a medical laboratory that is owned or operated by a physician or one that is operated by one who is not a doctor, does the laboratory as a rule and custom make any diagnosis other than the diagnosis of the film, the reading of the film?' the witness replied, 'That is all, whether it is a medical laboratory or not.' "

Former Rule No. 44, Sales Tax Rules and Regulations of the State Board of Equalization in effect during the taxable period involved read as follows:

"Hospitals, physicians, surgeons, dentists, and x-ray laboratories which furnish a diagnosis along with x-ray pictures making a single charge for both, are regarded as consumers of x-ray film used by them, and the tax applies to the gross receipts from the sales of x-ray film to them. 'Lay laboratories,' which do not furnish diagnoses are regarded as selling x-ray

pictures and the tax applies to the charges for such pictures.''

In conformity to this ruling, a tax of $857.26 was assessed against plaintiff. He paid the tax under protest, and brought this action for recovery.

The trial court found that plaintiff's business did not come within the purview of the tax act; and that the tax exemption given medical laboratories and not to lay laboratories was discriminatory.

From the judgment directing repayment to the plaintiff of the tax money paid by him the State Board of Equalization appeals; also from the court's order denying a new trial.

Appellant contends that the record demonstrates that plaintiff developed X-ray pictures to the order of his customers for a consideration, and that, therefore, the transactions were sales within the meaning of the law; that the statute reveals that the word ''sale'' as therein used means any transfer of title or possession of tangible personal property for a consideration; and that this includes producing, fabricating, or processing of tangible personal property for consumers who furnish, directly or indirectly, the materials used; also that the term ''sale'' includes any transfer, for a consideration, of the title or possession of tangible personal property which has been produced, fabricated, or printed to the special order of the customer.

Plaintiff contends that there was no sale of the radiographs themselves, that the title thereto remained at all times in him—that there was no transfer of title to tangible personal property which would bring the transactions within the statute.

Plaintiff also contends that the tax as to him is discriminatory. He points out that X-ray laboratories and hospitals ''which furnish a diagnosis along with X-ray pictures, making a single charge for both'' are exempt from taxation. (See rule 44 above quoted.)

These two contentions will be discussed in order.

1. In Michigan it has been held that title to exposed X-ray film is not in the patient, but in the doctor who took and developed it. (*McGarry* v. *J. A. Mercier Co.*, 272 Mich. 501 [262 N.W. 296, 100 A.L.R. 549].) No case has been found respecting property rights in radiographs made by lay technicians.

In any event the testimony will not support a finding in this case that radiographs at all times belonged to plaintiff. Look-

ing from the form to the substance of the transactions here involved, it is apparent that plaintiff was selling radiographs. His contention that the charges were made solely for services may not be upheld.

One who dyes fabrics furnished to him for processing is subject to the sales tax in California. (*Banken* v. *State Board of Equalization*, 79 Cal.App.2d 572 [180 P.2d 400].) Prior to change in the statute making specific exemption optometrists were required to pay a sales tax upon glasses furnished to their patients. (*Kamp* v. *Johnson*, 15 Cal.2d 187 [99 P.2d 274].) In other jurisdictions photographers furnishing pictures are subject to sales taxes. (*Voss* v. *Gray*, 70 N.D. 727 [298 N.W. 1]; *Cusick* v. *Commonwealth*, 260 Ky. 204 [84 S.W.2d 14].)

2. Plaintiff's contention of discrimination is more persuasive.

In *Coca-Cola Co.* v. *State Board of Equalization*, 25 Cal.2d 918, 921 [156 P.2d 1], it is said:

"Although not necessarily controlling, as where made without the authority of or repugnant to the provisions of a statute, the contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized. (Citing cases.)"

The word "diagnosis" has an established legal meaning. It is the recognition of a disease from its symptoms; it is a part of the practise of the healing art. Diagnoses may only be made by proficient persons, authorized by the state. (*People* v. *Jordan*, 172 Cal. 391 [156 P. 451].)

Neither hospitals nor X-ray laboratories may make diagnoses. Therefore it is clear that to exempt hospitals and X-ray laboratories, and at the same time to tax lay laboratories, is discriminatory.

Section 1 of the 14th Amendment to the Constitution of the United States applies to state and local tax statutes. "While the state may classify broadly the subjects of taxation, it must do so on a rational basis so that all persons similarly circumstanced shall be treated alike." (*Barker Bros., Inc.* v. *Los Angeles*, 10 Cal.2d 603, 607 [76 P.2d 97].) Rules of the agency empowered to enforce a tax which result in illegal discrimination are invalid. (*People* v. *Puritan Ice Co.*, 24 Cal. 2d 645, 652 [151 P.2d 1].)

The appeal from the order denying motion for a new trial is dismissed; the judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 6, 1950, and appellant's petition for a hearing by the Supreme Court was denied December 14, 1950.