THE PEOPLE, Appellant, v. MARIE GRAZER,
as Executrix, etc., Respondent.

Edmund G. Brown, Attorney General, James E. Sabine
and Irving H. Perluss, Assistant Attorneys General and
Edward P. Hollingshead, Deputy Attorney General, for
Appellant.

Rich, Carlin & Fuidge for Respondent.

VAN DYKE, P. J.—Respondent herein is the executrix of
the will of Martel Grazer, deceased.   The state filed a claim
against the estate for sales taxes which it claimed to be due
and unpaid, arising out of the business of decedent in con-
ducting what is known as a lay X-ray laboratory.   The claim
was disallowed and this action followed.   From a judgment
in favor of the estate the People appeal.

Martel Grazer for many years prior to his death conducted
a business under the designation "Physicians X-ray Service,"
the principal work done being the furnishing of X-ray pic-

tures called "radiographs," together with, in most cases, a reading of the pictures by a radiologist. No treatment diagnoses were made. The subjects of the radiographs were patients of physicians who were sent by their doctors to Grazer. The developed pictures, along with the reading, were usually delivered to the doctor sending in the patient. Grazer was neither doctor nor dentist nor was he engaged in diagnostic or therapeutic work. He is referred to as having been a lay technician. The radiologist retained by him to read the pictures was a duly licensed physician engaged in that work. The tax period commenced April 1, 1945 and ended May 31, 1951, during which time Grazer received for his services in his business the total sum of $86,195.05.

The court made the following findings: that during the tax period Grazer was engaged in the business of taking X-ray pictures of persons referred to him by physicians and surgeons; that he employed a qualified radiologist to read the X-ray pictures and to report his findings to the referring physician; that the pictures were at all times the property of Grazer and were always kept in his possession except during any period that a picture ordered by a physician was taken out of Grazer's laboratory for the purpose of examination by the physician who had ordered it; that the pictures were always returned to Grazer when the physician had completed his use thereof in connection with past treatment; that Grazer kept the pictures on file in his laboratory at all other times; that Grazer took no pictures except on request of a licensed physician, surgeon, dentist or osteopath and never delivered a picture directly to a patient for his use; that by reason of following the foregoing procedure Grazer was a consumer of the materials and supplies used in connection with the taking of the pictures; that the fee charged by him was principally for services performed in picture taking and developing, and in the payment of the fees of the radiologist to report his findings to the referring physician or surgeon; that the cost of the materials and supplies used in taking the pictures was only a small part of the total charge made by Grazer for picture taking, producing, developing and for the radiologist's report thereon; that Grazer never read or reported on any X-ray picture taken by him; that Grazer had not sold at retail in this state tangible personal property, but had only consumed the materials and supplies used in connection with picture taking. Judgment that the People recover nothing in the action followed.

There is no dispute but that the evidence supports the trial court's findings as to the procedural methods of Grazer. The appellant contends, however, that the conclusions drawn by the court as to the legal result of those procedures are wrong and upon the facts found by the court, as distinguished from its conclusions, judgment should have been given for the appellant.

Grazer was engaged in the same business before and after the period here involved. The tax period is marked for its beginning by the effective date of Board Ruling 23(c), Sales and Use Tax Rules and Regulations, reading as follows:

"X-Ray Laboratories.

"Producers of X-Ray pictures who furnish them to physicians, surgeons, dentists, or other users thereof are retailers of the pictures, irrespective of whether or not a diagnosis or report is furnished with the pictures, and tax applies to the fair retail price of the pictures."

The termination of the tax period involved is marked by the effective date of the Legislature's enactment of section 6019 of the Revenue and Taxation Code, reading:

"Producers of X-ray films for the purpose of diagnosis are the consumers of materials and supplies used in the production thereof."

Upon enacting said section, which set at rest continuous controversy as to taxability of transactions involving the production and use of X-ray pictures, the Legislature declared the act to be an emergency measure. It said:

". . . The facts constituting such necessity are: Continuously since the adoption of the 'Sales and Use Tax Law' it has been understood by the administrators of the law, as well as by the public generally, that physicians and dentists who take X-ray films during the course of practicing their respective professions, are consumers of the materials and supplies that are used in connection with such films, and are not retailers, and that the radiological departments maintained by hospitals are likewise consumers with respect to X-ray films taken therein at the request of attending physicians.

"Recently, doubt has been cast upon the foregoing interpretation by a decision of the district court of appeal involving the taxability under the sales and use tax law of so-called lay laboratories. It has never been the intention of the Legislature that persons producing or taking X-ray films for diagnostic purposes should be considered retailers; on the contrary, the

Legislature has intended that such persons be deemed to be the consumers of the materials and supplies used by them.

"Therefore, in order to clarify the legislative intent and to remove any doubt with respect to the status of X-ray films, it is necessary to incorporate the foregoing intent and the administrative interpretation into the sales and use tax law. It is essential that this be done at the earliest possible moment, because thousands of physicians and dentists throughout the State are in a position of uncertainty as to their liability, if any, under the sales and use tax law."

Of course it is obvious that if the producers of X-ray films were subject to tax as retailers then their customers as consumers would ordinarily find the tax added to the charges made for the films. The reference to a decision by the District Court of Appeal was undoubtedly to *Maranville* v. *State Board of Equalization,* 99 Cal.App.2d 841 [222 P.2d 898], wherein the appellate court upheld the trial court's judgment granting a refund of taxes paid by Maranville whose business was substantially the same as Grazer's. A reading of the opinion discloses that the affirmance was based upon what the trial court found and the appellate court affirmed to be a discriminatory ruling by the board. That ruling attempted to distinguish between transactions such as those of Maranville and Grazer on the one hand, and those of hospitals, physicians surgeons, dentists maintaining X-ray laboratories on the other. Maranville and Grazer did not furnish diagnoses along with their pictures; the others did. These latter, said the board in its ruling (rule 44, Sales and Use Tax Regulations), were consumers of the X-ray film used by them and the tax applied to the gross receipts from the sale of X-ray film to them, whereas lay laboratories, which did not furnish diagnoses, were to be regarded as selling X-ray pictures and the tax applied to the charges for such pictures. The courts involved in the Maranville decision held that this distinction violated the constitutional rights of the lay laboratories and therefore they should be permitted to recover the taxes paid by them. Rule 23(c) replaced rule 44, declaring in effect and without distinction that any and all producers of X-ray pictures who furnished them to physicians, etc. and other users were retailers and subject to the tax. As we have stated, this substituted ruling, not subject to the charge of discrimination, went into effect April 1, 1945, the date which marks the beginning of the tax period here involved, and remained the administrative ruling until the legislative amendatory enact-

ment quoted above, which specifically exempted producers of X-ray films for the purpose of diagnoses from taxation by declaring them to be consumers of the materials and supplies used in the production of the pictures. It is the position of appellant that at least from the time when the board rulings were freed of the charge of unconstitutional discrimination, that is, from April 1, 1945, until the Legislature passed section 6019, *supra,* producers of X-ray films such as Grazer and Maranville were subject to tax and that this tax under the provisions of section 6011 of the Revenue and Taxation Code included any charge made for services which were a part of the sale.

During the tax period here involved section 6006 of the Revenue and Taxation Code provided that a sale within the meaning of the Sales and Use Tax Act imposing a tax upon sales of tangible personal property included: "(g) A transfer for a consideration of the title or possession of tangible personal property which has been produced, fabricated, or printed to the special order of the customer, . . ." It is under this subsection that the state contends Grazer's transactions were taxable, and we agree. When a physician, surgeon or dentist sends a patient to an X-ray laboratory with instructions to the technician as to the picture desired, and when as a part of the service regularly rendered a reading by a radiologist is to be furnished, the doctor, surgeon or dentist expects to receive back for his use in diagnosis and treatment, X-ray films taken in the manner and of the portion of the anatomy of the patient requested by him, accompanied by the radiologist's interpretation, the two making up the whole of that which he ordered. To be sure, the raw materials consumed in producing that which he ordered may have cost the laboratory only a very small part of the charge made. The expense of the producer of the pictures is almost entirely the cost of the skilled services of the radiologist and the technicians and the use of equipment which is generally quite costly. But the price charged for all taxable transfers is more often than not largely a charge for services rendered in connection with the tangible object transferred. That Grazer retained title to the pictures is immaterial. The tax is also laid upon a transfer of possession and the evidence shows and the court found that these pictures served the only purpose for which they were required when they passed into the possession of those who ordered them for use in diagnoses and treatment of their

patients. This was such an effective transfer of possession as to justify the imposition of the tax.

■ Respondent argues that it has never been the intent or effect of the code provisions to tax the transactions here involved and refers us to the declaration to that effect by the Legislature when it passed the exclusionary section 6019. If the existing law taxed these transactions, and we hold that it did, then the Legislature could not change the law by declaring that it had never intended to tax them.

"The usual purpose of a special interpretative statute is to correct a judicial interpretation of a prior law which the Legislature determines to be inaccurate. Where such statutes are given any effect, the effect is prospective only. This seems correct, for any other result would make the Legislature a court of last resort." (2 Sutherland Statutory Construction, 3d ed., § 3004.)

In any event the Legislature could not retroactively change what had been the law by declaring what a preceding Legislature had meant by what it had said.

The judgment is reversed.

Peek, J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 29, 1956. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.