**PAGO PETROLEUM PRODUCTS, INC., Plaintiff**

**v.**

**SOO NAM KIM, DONG HEUI FISHERIES CO., LTD., and YOUNG CAYMAN CO., LTD., Defendants**

High Court of American Samoa
Trial Division

CA No. 39-94

March 18, 1996

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and ATIULAGI, Associate Judge

Counsel:　　　For Plaintiff, Barry I. Rose
　　　　　　　For Defendants, Togiola T.A. Tulafono

Order Compelling Discovery and Awarding Attorney's Fees:

218

# I. Introduction

Plaintiff Pago Petroleum Products, Inc., ("PPP") has moved under Trial Court Rule of Civil Procedure 37 to compel the defendants to properly respond to PPP's Request for the Production of Documents, filed with this court October 4, 1995. PPP alleges that the defendants' response, filed November 24, 1995, is incomplete and evasive.

## II. DISCUSSION

### A. Applicable Law

Rule 34 of the Trial Court Rules of Civil Procedure allows a party to serve a request on another party to produce and permit inspection and copying of any designated documents falling within the scope of Rule 26. Rule 26, in turn, provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

T.C.R.C.P. 26(b)(1). Thus, Rule 34 allows a party to make a broad request for document production, with which the served party must comply unless they have a valid objection on the grounds of privilege or irrelevance.

Rule 34 requires the party requested to produce documents to file a written response to that request. T.C.R.C.P. 34(b); *see also* 8 WRIGHT, CHARLES A. & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2213 at 639 (1970). This response may assert the party's compliance with the request, may list objections to the request, or may otherwise list grounds why the production is not possible.

Rule 37 allows a party to bring a motion to compel production under Rule 34 if the served party fails to respond to the request for production. Rule 37(a)(3) further provides that an incomplete or evasive answer can

be treated by the court as a failure to respond. PPP seeks us to compel discovery under thirteen requests for production made upon the defendants.

## B. Alleged Failures

PPP's first request asks for the "stock book maintained by Dong Heui Fisheries, Ltd., including all transfers. If no such book exists, submit a record of all shareholders, the date shares were acquired, the number of shares held and any transfers." Pl.'s Req. Produc. Docs. at 2 [hereinafter Request]. The defendants respond that the stock books were destroyed in Korea, but fail to provide any further record as requested. Although they list the distribution of shares, they give no information about the date stock was acquired, the number of shares acquired, or transfers. One of PPP's main contentions in this case is that the court should pierce the corporate veil and hold defendant Soo Nam Kim personally liable for the debts of the corporate defendants. Information about the distribution of shares in the defendant corporations is relevant to this argument. Defendants have made no objection to producing this information. Thus, defendants should have complied with PPP's request. Their answer is incomplete, and we will compel discovery on this point.

PPP's second request asks for the same information about Young Cayman Company ("Young Cayman"). Defendants again respond that no stock book exists and provide the same incomplete information as they did to PPP's first request. We will compel discovery on this point also.

PPP's third and fourth requests are for documents relating to the incorporation of Dong Heui Fisheries Company ("Dong Heui") and Young Cayman, respectively. The defendants apparently do not have copies of these documents in their possession, but are attempting to get them from Korea and the Cayman Islands. Defendants must make a good faith attempt to do so, but their answer on this point is not otherwise deficient. Should PPP discover that the defendants have acted fraudulently or in bad faith, it should move for both compulsion of discovery and contempt of court. In the absence of such information, the defendants appear to be attempting to comply with the request, and we will not further compel production as long as they continue to make a good faith effort at compliance.

Requests number five and six ask for the tax return documents filed by the two companies from 1986 to the present. The defendants response to each request is merely "None." *See* Defs.' Resp. Req. Produc. at 2 [hereinafter Response]. This response is incomplete because it does not indicate whether no tax returns were filed, whether defendants do not

220

have copies of such documents, or what else "none" could mean. If defendants refuse to produce documents, they must provide a clear and precise explanation why.

■ Furthermore, Rule 34 provides that a party must produce documents in his "possession, custody *or* control." T.C.R.C.P. 34(a) (emphasis added). A document may be under a party's control, even though he does not have a copy in his possession, if he has a legal right to obtain it. *See* WRIGHT & MILLER, *supra*, § 2210, at 621; 10 FEDERAL PROCEDURE, L. ED. § 26:222, at 427 (1982) ("The true test is control and not possession, the test being whether the party has a legal right to control or obtain the documents" (footnote omitted). This includes tax returns in the possession of the government. *See Reeves v. Pennsylvania R.R. Co.,* 80 F. Supp. 107, 108-09 (D.C. Del. 1948). Thus, the defendants in this case are required to obtain copies of their tax returns, even if they do not have copies in their possession. We will compel discovery on these points also.

PPP's seventh request was for the personal income tax returns of defendant Kim. Defendants objected on the grounds of irrelevance. As we stated above, one of PPP's primary arguments is that the corporate entities involved in this suit were shams, and that the corporate veil should be pierced to hold Kim personally liable for the corporations' debts. To develop this argument, PPP must be able to discover how the finances of the corporate defendants were handled and what assets Mr. Kim received from them. Mr. Kim's tax returns are directly relevant to this line of inquiry. This is even more true in light of the fact that the defendants have turned over so little information on the economic structures of the corporations themselves. We will compel discovery on this point. As we noted above, Mr. Kim must produce copies of his tax returns even if he does not have them in his possession.

Requests number eight, nine and ten ask for copies of the bank records of Dong Heui, Young Cayman and Kim, respectively, from 1986 to the present. Defendants respond to the first inquiry by giving the account numbers for the corporation's accounts, but then stating: "There are no records available on these accounts with the defendants." See Response at 2. As we stated above, however, the standard is not whether the defendants have the records with them, but whether they have control over them. If copies of a party's bank records are easily obtainable by that party, we consider them to be under their control. To hold otherwise would be to punish the diligent record keeper and award the party who has uncaringly disposed of records.

221

The defendants respond to the ninth and tenth requests by again stating merely "None."[1] *See id.* As we stated above, such a response will almost always be incomplete because it does not give an adequate explanation why the documents are not being produced. Surely the defendants do not mean that Young Cayman, a corporation, and Kim, a successful business man, do not and have not had bank accounts. Such an assertion would be highly incredible, and certainly could not be adequately supported by the answer "none." We will compel discovery of the bank documents for all three defendants.

Requests #11, 12, 13 and 14 ask for various business records showing transactions and communication between Kim and the corporate defendants. Primarily, the defendants respond by again stating that there are "none" of these documents. *See id.* These answers are again ambiguous. We cannot compel the production of nonexistent documents. If that is what defendants meant--that these documents do not exist, either in or out of their control--we cannot make them produce them. If, however, the documents are not in the defendants' possession, but are otherwise obtainable by them, and thus under their control, they must produce them as with the tax returns and bank records above. If the records exist but are not under the defendants' control, they must indicate where the records are, who controls them, and why the defendants cannot easily gain control of them. Additionally, if PPP discovers that the defendants have acted fraudulently or in bad faith, it can bring a contempt motion. Thus, production will be compelled on these points to the extent that the defendants have control (or reasonable access) to the documents requested.

## C. Award of Costs and Attorneys' Fees

■ Rule 37 provides that

> [i]f the motion [to compel discovery] is granted, the court *shall* . . . require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

---

[1] Defendants have not objected to the production of Kim's bank records as irrelevant, as they did with his tax returns. Nevertheless, his bank records are relevant for the same reasons as his tax returns.

T.C.R.C.P. 34(a)(4) (emphasis added). The language of the Rule is mandatory--if we grant the motion, we "shall" award costs and attorneys' fees.

We have granted PPP's motion, almost in its entirety. There is certainly nothing in the defendants incomplete answers which leads us to believe that their opposition to discovery was substantially justified. Nor have they filed any other document claiming such. Thus, we award PPP its reasonable costs in filing this motion, including attorneys' fees.

It is difficult to tell whether the defendants or their attorney is primarily at fault. If the request was treated as many such requests are, the attorney probably played a large part in the preparation of their response.[2] Still, the defendants themselves have failed to obtain copies of a number of requested documents over which they have control. Therefore, one half of PPP's costs shall be paid by the defendants and one half shall be paid by their attorney.

## III. CONCLUSION

PPP's motion to compel the production of documents is granted to the extent stated above. Furthermore, the defendants and their attorney are ordered to pay PPP's reasonable costs in obtaining this order, including attorneys' fees.

It is so ordered.

---

[2] Our suspicion that the attorney aided in preparing the response is bolstered by the fact that the attorney himself answered and signed a later set of interrogatories directed to the defendants, although this is improper conduct. *See* T.C.R.C.P. 33 ("Any party may serve . . . written interrogatories *to be answered by the party served . . . .*" (emphasis added)); *see also* WRIGHT & MILLER, *supra*, § 2172, at 535 & n.29 ("Interrogatories . . . must be answered by that party. It is improper for his attorney to answer them . . . ." (footnote omitted)). The interrogatory is not in issue under this motion, however.